J-S50019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MOORE, | : | |
| | : | |
| Appellant | : | No. 34 WDA 2014 |

Appeal from the PCRA Order Entered December 17, 2013,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at No. CP-02-CR-0006900-2008.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 6, 2014**

Appellant, William Moore, appeals *pro se* from the order entered on December 17, 2013, denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate and remand with instructions.

On September 21, 2010, Appellant entered a negotiated plea of *nolo contendere* on charges of unlawful contact with a minor, statutory sexual assault, and aggravated indecent assault.  Pursuant to the plea agreement, the trial court sentenced Appellant to an aggregate term of three and one-half to seven years of incarceration, followed by five years of probation, with 506 days of credit for time served.  Sentencing Order, 9/21/10.

On September 20, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and counsel filed a petition to withdraw pursuant to **Turner/Finley**.[1]  On December 9, 2013, the PCRA court granted counsel's petition to withdraw, and in an order filed on December 17, 2013, it dismissed Appellant's PCRA petition.  This timely appeal followed.

On appeal, Appellant raises the following issues:

A. Did the lower court err in determining that Appellant's PCRA petition was untimely?

B. Did the lower [court] err in permitting PCRA attorney to withdraw?

C. Did the Commonwealth breach their plea agreement?

D. Did plea counsel offer erroneous advice?

Appellant's Brief at 8 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the findings of the PCRA court are supported by the record and are free of legal error. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011); **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Additionally, a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed

---

[2] The exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

As noted above, the PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition. While the PCRA court was correct in finding the instant PCRA petition untimely, the PCRA court erred in permitting counsel to withdraw under *Turner/Finley*. Counsel's petition to withdraw was based on the conclusion that, because the instant PCRA petition was untimely, no relief was available. Motion to Withdraw and Letter to Appellant, 12/2/13. Counsel was incorrect.

Appellant was sentenced on September 21, 2010. As no direct appeal was filed, Appellant's judgment of sentence became final thirty days later on October 21, 2010. Therefore, Appellant had until October 21, 2011 to file a timely PCRA petition. While not titled a PCRA petition, Appellant filed a *pro se* motion to withdraw guilty plea on December 10, 2010, and the record reflects that no ruling was entered on the motion.

---

this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

It is well settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002). Therefore, Appellant's December 10, 2010 motion to withdraw guilty plea should have been considered a timely first PCRA petition as it was filed within one year from the date that his judgment of sentence became final. Additionally, because Appellant's December 10, 2010 motion was, in fact, a timely first PCRA petition, Appellant was entitled to the appointment of counsel. **See** Pa.R.Crim.P. 904(c) (providing that an indigent defendant shall be appointed representation for a first PCRA petition). The appointment of counsel throughout the litigation of a first petition is mandatory even when it appears that the petition is untimely or the petition does not present a cognizable claim. **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001).[3]

For these reasons, we vacate the December 17, 2013 order and remand this matter for the PCRA court to appoint counsel to assist Appellant in filing an amended and timely first PCRA petition. **See Commonwealth v. Swartzfager**, 59 A.3d 616 (Pa. Super. 2012) (vacating and remanding

---

[3] We note the Commonwealth's candor in this appeal as it concedes that Appellant's December 10, 2010 motion should have been treated as a timely PCRA petition and that this matter should be remanded for the appointment of counsel. The Commonwealth's Brief at 7.

where the PCRA court erroneously permitted counsel to withdraw from representing an appellant on an untimely PCRA petition where the record reflected that an earlier timely petition had been filed but on which there was no ruling and the appellant had not been provided counsel). Additionally, upon the filing of an amended petition, the PCRA court "shall also conduct a hearing at least to analyze whether the delay in filing the amended PCRA petition prejudiced the Commonwealth's ability to respond and justifies dismissal of the petition on that ground." *Id*. at 619. Finally, depending on the issues raised, the PCRA court should also decide whether it needs to hold a hearing on the merits of Appellant's amended petition. *Id*. at 619 n.4.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014